IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAFOCO, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 4:05-CV-00739 |
| | : |
| CAMERON INTERNATIONAL CORPORATION, f/k/a COOPER CAMERON CORPORATION, | : |
| | : |
| Defendant. | : |

**MOTION BY DEFENDANT CAMERON
FOR SUMMARY JUDGMENT LIMITING PLAINTIFF SAFOCO'S DAMAGES FOR
ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,089,531**

Defendant Cameron International Corporation ("Cameron") files this Motion for Summary Judgment Limiting Plaintiff Safoco, Inc. ("Safoco")'s Damages for Alleged Infringement of U.S. Patent No. 6,089,531 ("the '531 patent"). For the following reasons and authorities cited, Defendant Cameron respectfully requests that this Court enter a judgment as a matter of law that Plaintiff Safoco is barred from recovering damages for any activity allegedly infringing the '531 patent that occurred more than six years before the filing of Plaintiff Safoco's First Amended Original Complaint on February 23, 2007.

**INTRODUCTION**

Legal Standard for Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial and for identifying those portions of the record

that demonstrate such absence. *See Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . .. [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain the burden, the nonmoving party must produce evidence admissible at trial. *See Anderson*, 477 U.S. at 255; *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue . . .."). In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences . . . in his favor." *Anderson*, 477 U.S. at 255. If the non-moving party fails to present a genuine issue of material fact, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323-24.

Summary judgment is as appropriate in a patent case as in any other case, where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir. 1988) ("[T]his court has repeatedly emphasized that 'summary judgment is as appropriate in a patent case as in any other.'").[1]

---

[1] The United States Supreme Court has emphasized the trial courts' obligation to grant summary judgments in patent cases. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) ("Where the evidence is such that no reasonable jury could determine two elements to be equivalent, district courts are obliged to grant partial or complete summary judgment."). Although the Supreme Court was referring to summary judgments of non-infringement in the *Warner-Jenkinson* case, the same applies to summary judgments for limitations on damages under 35 U.S.C. § 286.

Statement of the Material Facts of Record as to Which there is No Genuine Issue for Trial

1. The '531 patent issued on July 18, 2000.  (*See* Ex. A, '531 Patent).
2. Plaintiff Safoco first filed a Complaint against Defendant Cameron for alleged infringement of the '531 patent on February 23, 2007.  (*See* Plaintiff Safoco's First Amended Original Complaint [against Defendant Cameron] (Docket No. 45) at 4, ¶¶ 10-14.)

**ARGUMENT**

Plaintiff Safoco is barred from recovering damages from Defendant Safoco for any activity allegedly infringing the '531 patent occurring prior to February 23, 2001.  35 U.S.C. § 286 states that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."  Accordingly, Plaintiff Safoco may not recover for any allegedly infringing activity by Defendant Cameron with respect to the '531 patent more than six years before the filing of Plaintiff Safoco's First Amended Original Complaint on February 23, 2007, which added the '531 patent to this action.  Based on the filing date of Plaintiff Safoco's First Amended Original Complaint, recovery of damages for infringement of the '531 patent by Defendant Cameron is barred before February 23, 2001.

**CONCLUSION**

For the foregoing reasons, Cameron respectfully requests that this Court enter an Order limiting any potential damages for infringement of the '531 patent to activity performed by Defendant Cameron on or after February 23, 2001.  Pursuant to Local Rule 7.1(C), a proposed Order granting the relief requested is attached to this Motion.

Respectfully submitted this 4th day of November, 2008.

  s/Charles J. Rogers, by permission of Mitch McFarland
**D. Mitchell McFarland**, attorney-in-charge
Texas State Bar No. 13597700
S.D. of Texas Bar No. 2379
**Harrison, Bettis, Staff, McFarland & Weems, L.L.P.**
1415 Louisiana Street, 37th Floor
Houston, Texas  77002
Telephone: (713) 843-7900
Facsimile: (713) 843-7901
E-Mail: mitchell.mcfarland@harrisonbettis.com

**ATTORNEY FOR DEFENDANT
CAMERON INTERNATIONAL CORPORATION**

OF COUNSEL:

**Jeff Weems**
Texas State Bar No. 21072600
S.D. of Texas Bar No. 12155
E-Mail: jeff.weems@harrisonbettis.com
**Thad K. Jenks**
Texas State Bar No. 24007441
S.D. of Texas Bar No. 23290
E-Mail: Thad.Jenks@harrisonbettis.com
**Harrison, Bettis, Staff, McFarland & Weems, L.L.P.**
1415 Louisiana Street, 37th Floor
Houston, Texas  77002
Telephone: (713) 843-7900
Facsimile: (713) 843-7901

**Charles J. Rogers**
Texas State Bar No. 00786205
S.D. of Texas Bar No. 19028
**Conley Rose, P.C.**
600 Travis Street, Suite 7100
Houston, Texas  77002-2912
Telephone: (713) 238-8049
Facsimile: (713) 238-8008
E-Mail: CRogers@conleyrose.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2008, I electronically filed the foregoing *Motion by Defendant Cameron for Summary Judgment Limiting Plaintiff Safoco's Damages for Alleged Infringement of U.S. Patent No. 6,089,531* with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the following attorneys of record who are Filing Users of the Court's Electronic Filing System.

*********
**David K. Anderson**                          david@andersonlawfirm.com
**Julie B. Cunningham**                     julie@andersonlawfirm.com
**Anderson & Cunningham**
1001 Fannin Street, Suite 270
Houston, TX 77002-6799
Telephone: 713-655-8400
Facsimile: 713-650-8745
*********

    s/Charles J. Rogers
**Charles J. Rogers**